### HIMELSTEIN v. HIMELSTEIN.

No. 78-4493-CA(D)03-A.

Circuit Court, Palm Beach County.

October 11, 1978.

William C. Shaw, Fort Lauderdale, and Andrew Yankowitz, New York City, for the petitioner.

Jack E. Ackerman, West Palm Beach, for the respondent.

128

TIMOTHY P. POULTON, Circuit Judge.

This matter was heard at 4:00 P. M., September 20, 1978. The mother was present and represented by William C. Shaw and Andrew Yankwitz. The father was present and represented by Jack Ackerman.

The important testimony taken in the case established the following. The mother and father were married about 1964. They were divorced in Connecticut in 1977. A copy of their final judgment of dissolution is an attachment to the petition herein. The mother and the two children have been living in Connecticut for the past six or seven years. The child in question, Mead, was enrolled in a Connecticut public school and had been re-enrolled for the current year. In August 1978, the father filed a petition for modification of the final judgment. By written order dated August 21, 1978 that petition was denied. The father testified that he was represented by an attorney in connection wih the petition proceeding; that he was present at the hearing on his petition; that he had a chance to testify and a chance to call witnesses. He testified that he was aware of the verbal order made at the conclusion upon that petition "not to remove Mead from the jurisdiction of the court." He testified that he never saw a written order following the hearing. The evidence was uncontradicted that at the time of the August 21 hearing, the child in question was with the father for a two-week visitation period. On August 22, the father left the state with the child for Florida. The father has lived here with the child for the past three or four weeks. The father has established a medical practice here which has been open for patients for about one week; the child has been enrolled for about three or four weeks in a private school here.

The parties were unable to agree concerning what parent or other person might have custody of the child during the pendency of this litigation. The court arranged with a volunteer deputy sheriff to house the child overnight until today's hearing could be held. The father, of course, did not want the child returned to the mother or any of her kin. The mother observes that in view of the father's established track record in removing the child in the face of a current court order, the child should not have been temporarily placed with him or any of his kin. The court observes that it would not be in the best interest of the child to have him placed on a temporary basis with shelter care of some stranger. Hence, the case presented one of urgency, and the court treated it accordingly. Florida Statute 61.131 provides "before a decree is made under this act, reasonable notice and opportunity to be heard shall be given to the contestants . . ." Under the exigencies of the circumstances existing, the day and one-half notice provided

was reasonable and sufficient. In view of the provisions of Florida Statute 61.1304, and particularly subsection 6 thereof, the court limited testimony to the general area of the subject matter as indicaed above. Although the court, at the request of the father did consult with the child concerning his desire, the court severely curtailed any inquiry into "the best interest of the child." (The child indicated a strong preference to remain with his father.)

Based upon the pleadings and testimony taken, it is therefore ordered and adjudged that the Connecticut final judgment of divorce attached to the petition herein is herewith reduced to a Florida judgment.

It is further ordered and adjudged that in order to effectuate the provisions of that judgment as required by the Uniform Child Custody Jurisdiction Act, the father, Samuel C. Himelstein, (and the sheriff of Palm Beach County in whose custody the child presently resides) are ordered forthwith to deliver custody of the child, Mead Himelstein, to his mother, the petitioner herein, Beverly Himelstein.

There was no court reporter present at the hearing and the court notes as follows the substance of the various procedural and other objections made at the hearing by the father's attorney —

1. The father moved to dismiss the habeas corpus petition. The court ruled that the style of the matter mattered not — that it did not matter whether the matter was styled as a habeas corpus proceeding or as a proceeding under Chapter 61. The court treated the pleading as a proceeding under Chapter 61 to obtain custody of the child.

2. At the close of the mother's case, the husband moved to dismiss on the grounds that the judgments and orders attached to the petition were not exemplified. He further moved to dismiss on the ground that they had not been offered into evidence. (The court notes that although there was no formal offer into evidence, the mother did testify that she had obtained the certified copies attached to the petition directly from the clerk of the issuing court.)

3. As noted above, the father offered testimony bearing upon "the child's best interest." For the reasons aforesaid, the court declined to hear testimony on that issue.

4. At the conclusion of the hearing, the father requested the court to retain jurisdiction and the court declined to do so.